**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) |
| | ) |
| 201 Maryland Avenue, NE | ) |
| Washington, DC 20002 | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case Action No. 16-cv-1975 |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | )  **COMPLAINT FOR DECLARATORY** |
| | )  **AND INJUNCTIVE RELIEF** |
| | ) |
| The Executive Office | ) |
| Office of the Legal Adviser, Suite 5.600 | ) |
| 600 19th Street NW | ) |
| Washington DC 20522 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings

this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the

failure of Defendant, the United States Department of State ("DOS"), to respond to Plaintiff's

FOIA request within the statutorily prescribed time period, and seeking the disclosure and

release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges

and states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C.

§ 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has

exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff summarized its requests as follows:  "the numbered requests contained herein seek any and all records pertaining in any way to any action taken or not taken in connection with, as a result of, or as alluded to or referenced in the content of two email chains obtained by

Judicial Watch in response to a FOIA request to the U.S. Department of State (DOS)." Pl.'s FOIA Request Ex. A, 1.

8. "Pursuant to State Department FOIA regulation 22 C.F.R. § 171.4(b)," Plaintiff set forth a "Background address[ing] 'the subject, timeframe, names of any individuals involved, a contract number (if applicable), and reasons why the requester believes the Department may have records on the subject of the request.'" Pl.'s FOIA Request Ex. A, 1-2 (quoting 22 C.F.R. § 171.4(b)). Said Background is hereby incorporated as if fully set forth herein.

9. In its FOIA request, attached hereto as Exhibit A and incorporated by reference as if fully set forth herein,[1] Plaintiff sought the following records:

1. All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received, or reviewed by Jeffrey David Feltman referencing or regarding in any way:

   a) Gilbert Chagoury;
   b) Chagoury Group;
   c) Grands Moulins du Bénin;
   d) Port Harcourt Flour Mills;
   e) Ideal Flour Mills;
   f) Nigerian Eagle Flour Mills;
   g) Niger Delta Flour Mills;
   h) Tin Can Island;
   i) Ragolis Waters;
   j) Glassforce;
   k) Pirotech;
   l) Silhouette Furniture;
   m) Ideal Eagle Hospital;
   n) C & C Construction;
   o) ITB Construction;
   p) Hitech Construction;
   q) Fleetwood Transportation;
   r) Eko Atlantic;
   s) Ocean Parade;
   t) Eko Hotel;

---

[1]For purposes of minimizing unnecessary attachments to filings, and consistent with LCvR 5.1(e), Plaintiff has omitted from the attached Exhibit A the Memorandum in Support of Requested Fee Waiver and Expedited Processing.

     u) Hotel Presidential;
     v) Courdeau Catering;
     w) The Clinton Foundation (a.k.a. the William J. Clinton Foundation, the Bill, Hillary & Chelsea Clinton Foundation);
     x) The Clinton Global Initiative (CGI);
     y) The Clinton Health Access Initiative (CHAI);
     z) The Clinton Climate Initiative (CCI);
     aa) Alliance for a Healthier Generation;
     bb) The Clinton Economic Opportunity Initiative (CEOI);
     cc) The Clinton Development Initiative (CDI); or,
     dd) Doug Band,

including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

2.     All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received, or reviewed by any DOS official located at, working within, at, under or otherwise assigned to the Bureau of Near Eastern Affairs (BNEA), including but not limited to, Assistant Secretary Anne W. Patterson, her predecessor Assistant Secretary Jeffrey David Feltman, any other Secretary (assistant, deputy, or acting assistant or deputy), and/or any other DOS official, staff, agent, or employee working within, under or located at the BNEA, referencing or regarding in any way:

     a) Gilbert Chagoury;
     b) Chagoury Group;
     c) Grands Moulins du Bénin;
     d) Port Harcourt Flour Mills;
     e) Ideal Flour Mills;
     f) Nigerian Eagle Flour Mills;
     g) Niger Delta Flour Mills;
     h) Tin Can Island;
     i) Ragolis Waters;
     j) Glassforce;
     k) Pirotech;
     l) Silhouette Furniture;
     m) Ideal Eagle Hospital;
     n) C & C Construction;
     o) ITB Construction;

    p) Hitech Construction;
    q) Fleetwood Transportation;
    r) Eko Atlantic;
    s) Ocean Parade;
    t) Eko Hotel;
    u) Hotel Presidential;
    v) Courdeau Catering;
    w) The Clinton Foundation (a.k.a. the William J. Clinton Foundation, the Bill, Hillary & Chelsea Clinton Foundation);
    x) The Clinton Global Initiative (CGI);
    y) The Clinton Health Access Initiative (CHAI);
    z) The Clinton Climate Initiative (CCI);
    aa) Alliance for a Healthier Generation;
    bb) The Clinton Economic Opportunity Initiative (CEOI);
    cc) The Clinton Development Initiative (CDI); or,
    dd) Doug Band,

including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

3.      All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received by any DOS official located at, working within, at, under or otherwise assigned to the Bureau of Near Eastern Affairs (BNEA), including but not limited to, Assistant Secretary Anne W. Patterson, her predecessor Assistant Secretary Jeffrey David Feltman, any other Secretary (assistant, deputy, or acting assistant or deputy), and/or any other DOS official, staff, agent, or employee working within, under or located at the BNEA, referencing or regarding in any way any grant, loan or contract applications, proposals, negotiations, or agreements from, with, or regarding:

    a) Gilbert Chagoury;
    b) Chagoury Group;
    c) Grands Moulins du Bénin;
    d) Port Harcourt Flour Mills;
    e) Ideal Flour Mills;
    f) Nigerian Eagle Flour Mills;
    g) Niger Delta Flour Mills;
    h) Tin Can Island;
    i) Ragolis Waters;

j)  Glassforce;
k)  Pirotech;
l)  Silhouette Furniture;
m)  Ideal Eagle Hospital;
n)  C & C Construction;
o)  ITB Construction;
p)  Hitech Construction;
q)  Fleetwood Transportation;
r)  Eko Atlantic;
s)  Ocean Parade;
t)  Eko Hotel;
u)  Hotel Presidential;
v)  Courdeau Catering;

including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

4.     All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received, or reviewed by any DOS official, employee, staff, or agent, referencing or regarding in any way the person whose name was redacted from an email sent by that person to Doug Band on April 22, 2009, at 13:01:21, under the subject line "a favor…," which Doug Band then forwarded to DOS officials/employees Nora Toiv, Huma Abedin, and Cheryl Mills by email on April 22, 2009, at 13:12:22, under the same subject line [*see* email chain attached as Exhibit A, page 2], including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

5.     All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received, or reviewed by any State Department official, employee, staff or agent, including but not limited to Huma Abedin, Nora Toiv, and Cheryl Mills, referencing or regarding in any way:

a) Options of any kind;
b) Proposals of any kinds;
c) Grant information, offers, proposals or suggestions;
d) Loan information, offers, proposals or suggestions;
e) Contract information, offers, proposals or suggestions;
f) Job or employment position offers, proposals or suggestions; or,
g) Any other such opportunities,

sent, offered or otherwise conveyed to the person whose name was redacted in the aforementioned email [*see* Exhibit A, page 2], or any organization, corporation, or other entity, as to which that person has any interest or association, including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

6.      All records, communication or briefings created, generated, forwarded, transmitted, sent, shared, saved, received, or reviewed by any State Department official, employee, staff or agent, including but not limited to Huma Abedin, Nora Toiv, and Cheryl Mills, referencing or regarding in any way:

a) The person whose name was redacted in the aforementioned email [*see* Exhibit A, page 2], or any organization, corporation, or other entity, as to which that person has any interest or association; and,
b) Money, bank accounts, transfers, funds, U.S. dollars, USD, Haitian Gourde, HTG, or any other currency,

including but not limited to any record located on backup tapes, archives, any other recovery, backup, storage or retrieval system, DOS electronic mail or message accounts, non-DOS electronic mail or message accounts, personal electronic mail or message accounts, DOS servers, non-DOS servers, and personal servers, as well as any electronic mail or message carbon copied to agency account recipients, any electronic mail or message carbon copied to non-agency account recipients, any electronic mail or message forwarded to agency account recipients, any electronic mail or message forwarded to non-agency account recipients, and attachments to any electronic mail or message.

Pl.'s FOIA Request Ex. A, 5-9.

10.     Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "record" is "any information" that qualifies under 5 U.S.C. § 552(f), and includes, but is not limited to, the original or any full, complete and unedited copy of any log, chart, list, memorandum, note, correspondence, writing of any kind, policy, procedure, guideline, agenda, handout, report, transcript, set of minutes or notes, video, photo, audio recordings, or other material. The term "record" also includes, but is not limited to, all relevant information created, stored, received or delivered in any electronic or digital format, e.g., electronic mail, instant messaging or Facebook Messenger, iMessage, text messages or any other means of communication, and any information generated, sent, received, reviewed, stored or located on a government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, No. 15-5128 (D.C. Cir. July 5, 2016)[2] (rejecting agency argument that emails on private email account were not under agency control, and holding, "If a department head can deprive the citizens of their right to know what his department is up to by the simple expedient of maintaining his departmental emails on an account in another domain, that purpose is hardly served.").

Pl.'s FOIA Request Ex. A, 4.

11.    Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "briefing" includes, but is not limited to, any in-person meeting, teleconference, electronic communication, or other means of gathering or communicating by which information was conveyed to one or more person(s).

Pl.'s FOIA Request Ex. A, 5.

12.    Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "DOS official" includes, but is not limited to, any person who is (1) employed by or on behalf of the DOS, any Mission of the United States, or any Delegation of the United States, in any capacity; (2) contracted for services by or on behalf of the DOS, any Mission of the United States, or any Delegation of the United States, in any capacity; (3) appointed by the President of the United States to serve in any capacity at or within the DOS, any Mission of the United States, or any Delegation of the United States; or (4) any such person's staff, agent or employee; all without regard to the component, bureau, or office in which that person serves.

Pl.'s FOIA Request Ex. A, 5.

---

[2] *Competitive Enterprise Institute v. Office of Science and Technology Policy*, No. 15-5128 (D.C. Cir. July 5, 2016), https://www.cadc.uscourts.gov/internet/opinions.nsf/75450CA390CB52C985257FE7005038BD/$file/15-5128-1622973.pdf.

13.     Plaintiff specified in its FOIA request that:

For purposes of this Request, all sources, documents, letters, reports, briefings, articles and press releases cited in this Request are incorporated by reference as if fully set forth herein.

Pl.'s FOIA Request Ex. A, 5.

14.     Plaintiff specified in its FOIA request that:

For purposes of this Request, the timeframe of records requested herein is January 20, 2009, to the date this Request is processed.

Pl.'s FOIA Request Ex. A, 5.

15.     In its FOIA request, Plaintiff stated:

[I]f this Request is denied in whole or in part, ACLJ requests that, within the time requirements imposed by FOIA, you support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index.

Pl.'s FOIA Request Ex. A, 10.

16.     In its FOIA request, Plaintiff stated:

Moreover, as explained in an accompanying memorandum, the ACLJ is entitled to expedited processing of this Request as well as a waiver of all fees associated with it. The ACLJ reserves the right to appeal a decision to withhold any information sought by this request and/or to deny the separate application for expedited processing and waiver of fees.

Pl.'s FOIA Request Ex. A, 10.

17.     By letter dated August 18, 2016, attached hereto as Exhibit B and incorporated by reference as if fully set forth herein, Defendant acknowledged it received Plaintiff's FOIA request on August 18, 2016. Def.'s Acknowledgement Letter Ex. B, 1. Defendant advised it had assigned Case Control Number F-2016-10421. Def.'s Acknowledgement Letter Ex. B, 1.

18.     In its letter dated August 18, 2016, Defendant stated that it "will begin the processing of your request based upon the information provided in your communication." Def.'s

Acknowledgement Letter Ex. B, 1. It did *not* include a date on which the Defendant would provide an actual response to the request.

19.     In its letter dated August 18, 2016, Defendant stated:

>    After consideration of your request for expedited processing under the Department's rules governing Freedom of Information Act requests, we have determined that *your request does warrant expedited processing*.

Def.'s Acknowledgement Letter Ex. B, 1 (emphasis added).

20.     In its letter dated August 18, 2016, Defendant stated:

>    We have considered your request for a fee waiver. Based upon the information provided in your letter, your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

Def.'s Acknowledgement Letter Ex. B, 1.

21.     In its letter dated August 18, 2016, Defendant stated:

>    We will notify you as soon as responsive material has been retrieved and reviewed.

Def.'s Acknowledgement Letter Ex. B, 1.

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully stated herein.

23.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

24.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply to Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal

public holidays. Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefore, and the right to appeal any adverse determination to the head of the agency.

25.     Plaintiff sent its FOIA request to Defendant's Office of Information Programs and Services, the component of Defendant designated by Defendant to receive FOIA requests directed to Defendant, and Plaintiff's FOIA request was received by that component on July 19, 2016.

26.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on August 17, 2016. Excluding weekends, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by September 15, 2016.

27.     As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether Defendant will comply with Plaintiff's FOIA request, the reasons for any such determination, or Plaintiff's right to appeal any adverse determination to the head of the agency.

28.     As of the date of this Complaint, Defendant has failed to produce any records responsive to the request, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

29.     Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

30.     FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

31.     Defendant, in its letter of August 18, 2016, did not assert the existence of "unusual circumstances." Def.'s Acknowledgement Letter Ex. B. As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

32.     There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

33.     Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

34.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

35.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

36.     Through its continued delay in responding to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

37.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

38.     Defendant is violating 5 U.S.C. § 552(a)(6)(E)(iii) insofar as it granted Plaintiff's request for expedited processing but is refusing and failing to  "process as soon as practicable any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii).

39.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**COUNT II**
**Impermissible Practice, Pattern and Practice, and/or Policy of Violating**
**Freedom of Information Act**

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully stated herein.

41.     Defendant has a reputation for flaunting and disregarding its public accountability and FOIA obligations. For example, Plaintiff has filed two prior FOIA lawsuits against Defendant for its failure to respond as required by statute to Plaintiff's lawful FOIA requests. *See* Complaint, 16-cv-1365-RC (D.D.C.); Complaint, 16-cv-1751-CKK (D.D.C.). Prior to receiving Plaintiff's FOIA request, Defendant officially described the deletion or alteration of its video record as a "glitch." *See* Complaint, 16-cv-1365-RC, ¶13. After receiving Plaintiff's FOIA request, Defendant changed its story and conceded the alteration was "deliberate." *Id.*

42.     In that case, after it received Plaintiff's FOIA request, Defendant publically announced on June 9, 2016, that it would not comply with requests from the House Oversight Committee for emails concerning the deleted or altered video, unilaterally deciding, apparently, that the emails it reviewed "aren't relevant." Julian Hattem, *State Dept. Not Giving Emails to Congress in Probe Over Edited Video*, THE HILL (June 9, 2016, 2:56 PM), http://thehill.com/policy/national-security/282919-state-dept-not-giving-emails-to-congress-in-probe-over-edited-video.

43.     Recent news reports highlighted a Department of Justice report which found that Defendant took 111 days on average to respond to FOIA requests in 2014, far longer than any other agency and the time specified by statute, and that only 10 percent of Defendant's FOIA

13

officers took required training, the worst attendance record of any major agency. Kathryn Watson, *State Dept is the Slowest Fed Agency to Process FOIA Requests*, DAILY CALLER (May 9, 2016 2:53 PM), http://dailycaller.com/2016/05/09/state-dept-is-the-slowest-fed-agency-for-foia-responses/; *see also*, Sarah Westwood, *State Department Worst of All Agencies at Answering FOIAs, Study Shows*, WASH. EXAM. (Mar. 10, 2015, 1:10 PM), http://www.washingtonexaminer.com/state-department-worst-of-all-agencies-at-answering-foias-study-shows/article/2561299 (relaying findings supporting Defendant's grade of "F" on Center for Effective Government's annual FOIA report card).

44.     Defendant's reputation concerning its response to FOIA requests is well known. *See* Andrew Desiderio, *Associated Press Scolds State Dept for Slow Document Production*, MEDIAITE (Nov. 16, 2015, 4:31 PM), http://www.mediaite.com/online/associated-press-scolds-state-dept-for-slow-document-production/ (describing the Associated Press's harsh criticism of Defendant for slow response to Associated Press FOIA requests); AP, *Judge Scolds State Department Official for Slow Response to Request for Records from Clinton Tenure*, FOX NEWS (Jul. 30, 2015), http://www.foxnews.com/politics/2015/07/30/judge-scolds-state-department-official-for-slow-response-to-records-request.html.

45.     Perfectly accentuating Defendant's utter disregard for its FOIA obligations, the sole letter it sent to Plaintiff in response to Plaintiff's FOIA request resulting in 16-cv-1751-CKK is essentially and substantively *identical* to the sole response letter it sent to Plaintiff in response to Plaintiff's prior FOIA request that resulted in 16-cv-1355-RC.

46.     The letter Plaintiff received from Defendant in connection with the instant Complaint *granted expedited processing*, yet Defendant's FOIA deadline has passed with no notification of a determination provided by Defendant.

47.     This is Plaintiff's *third* FOIA lawsuit against this Defendant in the past approximately three months, and the *third* case where Defendant failed to comply with the threshold requirements of the FOIA in its 'response' to Plaintiff's FOIA requests.

48.     Defendant is engaging in an established impermissible practice, policy, and pattern of not responding as required by the clear requirements of 5 U.S.C. § 552(a)(6)(A).

49.     Defendant's impermissible practice, policy, and pattern of untimely and noncompliant FOIA responses constitutes an impermissible practice in violation of FOIA that is "sufficiently outrageous" to warrant declaratory and injunctive relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see Muttitt v. United States Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

50.     Defendant's "policy or practice" will impair Plaintiff's "lawful access to information in the future," as contemplated in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 D.C. Cir. 1988) (quoting *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 90-92 (D.C. Cir. 1986)).

51.     The FOIA imposes no limits on courts' equitable powers in enforcing its terms. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), and this Court should exercise its equitable powers to force Defendant to comply with the clear requirements of the FOIA.

## PRAYER FOR RELIEF

52.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

> (a)     An Order that Defendant conduct a diligent search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(b)     An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)     An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)     A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)     A declaratory judgment that Defendant is violating 5 U.S.C. § 552(a)(6)(E)(iii) insofar as it granted Plaintiff's request for expedited processing but has wholly refused and failed to "process as soon as practicable any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii), and injunctive relief ordering Defendant to comply with this statute forthwith;

(f)     Declaratory and injunctive relief pursuant to this Court's equitable powers, as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), to force Defendant to cease its impermissible practice of untimely and noncompliant responses to FOIA requests;

(g)     A declaratory judgment and finding that any of Defendant's informal practices and/or regulations, guidelines, or policy statements that authorize the refusal to provide a requester with a timely and compliant response as required by 5 U.S.C. § 552(a)(6)(A) constitutes an unreasonable interpretation of the statutory obligations imposed by the FOIA;

(h)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(i)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: October 5, 2016.                    Respectfully submitted,

                                           THE AMERICAN CENTER FOR LAW AND JUSTICE

                                           /s/ Jay Alan Sekulow
                                           JAY ALAN SEKULOW
                                             (D.C. Bar No. 496335)
                                             *COUNSEL OF RECORD*
                                           STUART J. ROTH (D.C. Bar No. 475937)
                                           COLBY M. MAY (D.C. Bar No. 394340)
                                           CRAIG L. PARSHALL[*]

---

[*]Motion for Admission *Pro Hac Vice* pending.

BENJAMIN P. SISNEY[*]
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: sekulow@aclj.org
*Counsel for Plaintiff*