UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> Defendants. | Case No. 1:16-CV-01975-TNM |

# ORDER

In Count II of its Amended Complaint, the American Center for Law and Justice alleges that the Department of State has a pattern or practice of violating the Freedom of Information Act by "intentionally refusing to issue a determination, produce documents and/or respond in any manner required by 5 U.S.C. § 552(a)(6) unless and until Plaintiff files suit." Am. Compl. ¶ 78. State moves to dismiss this count, contending that ACLJ has failed to plead enough facts to make its claim plausible, and that even if so, the allegations are not outrageous enough to warrant relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988). Def.'s Partial Mot. Dismiss or to Stay Proceedings at 8-15.[1] After initially dismissing an inadequately-pleaded version of this claim, *Am. Ctr. for Law & Justice v. United States Dep't of State*, 249 F. Supp. 3d 275, 281-82 (D.D.C. 2017) (*ACLJ I*), another judge in this district has already upheld the

---

[1] Defendant also seeks a stay pending the D.C. Circuit's decision in *Judicial Watch, Inc., v. United States Dep't of Homeland Security*, No. 16-5339. However, the pattern-or-practice claim in that case appears to bear only limited factual similarities to the claims made against State. *See Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 211 F. Supp. 3d 143, 146 (D.D.C. 2016) ("[Plaintiff] points to no fact or statement to establish *why* the requests were delayed or *how* the delays were the result of an either formal or informal DHS policy") (emphasis in original). Accordingly, I find that considerations of judicial efficiency weigh against a stay.

1

sufficiency of substantially identical allegations. *Am. Ctr. for Law & Justice v. United States Dep't of State*, 254 F. Supp. 3d 221, 223 (D.D.C. 2017) (*ACLJ II*). Seeing no need to reinvent the wheel, I deny State's Partial Motion to Dismiss for the same reasons.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham,* 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration omitted) (quoting *Iqbal*, 556 U.S. at 678). In this inquiry, a court must "draw all reasonable inferences from those allegations in the plaintiff's favor." *Id*.

To make out a valid pattern or practice claim under FOIA, a plaintiff "must allege, inter alia, facts establishing that the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing 'failure to abide by the terms of the FOIA.'" *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (quoting *Payne*, 837 F.2d at 491); *see also ACLJ I*, 249 F. Supp. 3d at 281-82 (summarizing applicable case law). ACLJ makes such an allegation, claiming that State has an "impermissible practice, policy, and pattern of refusing to [comply with FOIA] unless and until Plaintiff files suit." Am. Compl. ¶ 85. As Judge Boasberg has already explained, State's conduct is allegedly more insidious than delay in "isolated incidents" or the challenge of an "enlarged FOIA docket," *ACLJ II*, 254 F. Supp. 3d at 226, instead resulting from a systemic failure to remedy staffing, training, and management issues identified by their own Inspector General in 2012 and 2016. *Id.* at 225; Am. Compl. ¶¶ 46-59. Despite State's arguments to the contrary, ACLJ has sufficiently alleged a pattern of violating

FOIA akin to the "persistent refusal" to comply with the law that justified equitable intervention in *Payne*. 837 F.2d at 494. Accordingly, the Amended Complaint satisfies the pleading standards of *Iqbal* and *Twombly*.[2]

For these reasons, Defendant's Partial Motion to Dismiss or to Stay Proceedings is hereby **DENIED.**

**SO ORDERED.**

Dated: February 8, 2018                           TREVOR N. MCFADDEN
                                                                                 United States District Judge

---

[2] However, this is no guarantee of eventual success. *See Am. Ctr. for Law & Justice v. United States Dep't of State*, 2018 WL 623827, at *1 (D.D.C. Jan. 30, 2018) (granting State's subsequent motion for partial summary judgment).