IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Civil Docket No. 1:16-cv-1975 (TNM) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated March 16, 2018, the parties respectfully submit the following:

1. As discussed previously in the parties' two prior Joint Status Reports (ECF Nos. 46, 51), the parties have been meeting and conferring on a narrowing of Plaintiff's revised FOIA request, which would condense and/or replace Parts 1 through 4 of the original FOIA request at issue in this case.

2. On March 26, 2018, counsel for Plaintiff again narrowed the scope of its FOIA request – reducing the number of search terms from 30 to a single term: "Doug Band." Under Plaintiff's narrowing, State has been asked to search for and process all documents forwarded, transmitted, sent, shared or received by Huma Abedin or Cheryl Mills that contain the search term "Doug Band."[1] To date, State

---

[1] Counsel for Plaintiff also indicated that it seeks all such records involving former Secretary Clinton as a custodian. State notes that the parties previously agreed, as stated in the parties' Joint Status Report filed on March 15, 2018 (ECF No. 51), that after State completes its search for and production of responsive, non-exempt records from other custodians, Plaintiff would evaluate whether it still wished for searches of former Secretary Clinton's records to be

1

        has identified approximately 8,700 records, not including attachments, that are potentially responsive to Plaintiff's narrowed request.

3.         The parties have agreed that State will begin processing those records. Accordingly, State has started uploading those records into its document review system and anticipates that it will be able to make its first production of responsive, non-exempt records on or around April 30, 2018.

4.         Plaintiff anticipates that once it has received a few of State's productions and has had a chance to review the documents identified through State's search, it will be in a better position to evaluate whether additional search terms can be employed to further narrow its request.

**Plaintiff separately states as follows:** Plaintiff has significantly narrowed its FOIA request to State on more than three separate occasions in order to avoid further harm resulting in delay in the release of responsive documents. On the first occasion, Plaintiff eliminated 2 of 6 of its requests. *See* Doc. 26 (providing a detailed history and timeline of Plaintiff's FOIA request and Plaintiff's efforts to narrow the request). On the second occasion, Plaintiff reduced the number of custodians whose records were to be searched to 3 custodians (Cheryl Mills, Huma Abedin and Hillary Clinton) and eliminated another of Plaintiff's requests – request 4 (which included Brock Johnson emails totaling 64,000 potentially responsive records). *See* Doc. 51. Most recently, Plaintiff reduced the number of search terms (totaling 30) down to a single term. Notwithstanding Plaintiff's significant narrowing and State's acknowledgement – through grant of expedited processing – that

---

conducted, and if so, it would narrow the scope of the search significantly by providing a specific time period(s) and key words, and also would exclude from the search all documents already made available to the public by State. The parties have agreed that State will proceed by first processing those records found through searches of Ms. Abedin's and Ms. Mills' records.

2

a compelling need exists for the quick dissemination of the information responsive to Plaintiff's FOIA request, under State's currently proposed processing rate of 300 *pages* (not records) per month, it will take State a minimum of **4 years and 8 months** to process the 8,700 potentially responsive records if each record consists of only 2 pages. This timeline of almost 5 years does not even include the search for any responsive documents located in Hillary Clinton's records. State's proposed processing rate of 300 pages per month is unacceptable, especially in light of the Parties' acknowledgment that the information Plaintiff has requested has a particular value that will be lost if not disseminated quickly. Accordingly, Plaintiff respectfully requests that State be required to return to the previously ordered processing rate of 1000 pages per month – a processing rate deemed reasonable following the Court's review of other Freedom of Information Act cases and information specific to the instant case. *See* Doc. 31. *See also* Doc. 28 (identifying numerous FOIA cases which supports Plaintiff's position that State is capable of processing documents at a much higher rate than the 300 pages per month currently proposed by State).

**Defendant separately states as follows:**

State respectfully disagrees with Plaintiff's contention that State's monthly processing rate of a minimum of 300 pages per month is unreasonable because State granted expedited processing to Plaintiff's FOIA request when it was received one-and-a-half years ago. As an initial matter, expedited processing does not entitle a FOIA requestor to a higher processing rate. Rather, as courts in this circuit acknowledge, expedited processing simply changes the queue in which a FOIA request is placed. "FOIA requests granted expedited treatment are taken out of the standard first-in/first-out queue and processed before all non-expedited requests, but after any requests previously granted expedited treatment." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 8 (D.D.C. 2015). FOIA requests in active litigation, like Plaintiff's request here, are

"further prioritized even among requests granted expedited processing." *Id*. Accordingly, Plaintiff's request is already being processed within State's highest priority queue.

Moreover, the processing time necessary for Plaintiff's request is directly correlated with the substantial volume of records that Plaintiff seeks. A minimum of 300 pages per month currently constitutes the processing rate that State is able to guarantee for each FOIA request in litigation in light of State's present workload and resources.[2] Plaintiff references Judge Sullivan's prior order that imposed a processing rate of 1,000 pages per month. As noted in that order, and as Judge Sullivan explained at the hearing preceding that order, the 1,000-page-per-month processing rate was to apply "[f]or six months only." May 19, 2017 Hr'g Tr. at 9. Additionally, that temporary rate was intended to provide Plaintiff with "approximately five percent of the 64,000 emails potentially in response to [Part 4] its request," *id*. at 10, which sought all "e-mail records from Brock Johnson's unclassified e-mail account," Order at 1, ECF No. 31. Judge Sullivan further ordered that at the completion of the six-month period, Plaintiff was to use that five-percent sample to "develop search terms designed to narrow Plaintiff's request and *significantly reduce* the number of documents remaining to be processed." *Id*. at 2 (emphasis added). Per Plaintiff's narrowed request set forth above, Plaintiff no longer seeks such records.

That said, State is hopeful that after Plaintiff reviews State's first sets of productions, it will be able to further narrow its request based on its review of those records (*see* Paragraph 4 *supra*), thereby shortening the amount of time needed for State to complete its response to Plaintiff's request.

---

[2] If the Court would like further explanation of State's minimum processing rate and its current FOIA workload and resources, State can provide the Court with a declaration addressing those topics.

Dated:  March 29, 2018                          Respectfully submitted,

/s/ *Abigail A. Southerland*                    CHAD A. READLER
ABIGAIL A. SOUTHERLAND                          Acting Assistant Attorney General
(TN Bar 026608)
JAY ALAN SEKULOW (D.C. Bar # 496335)            MARCIA BERMAN
STUART J. ROTH (D.C. Bar # 475937)              Assistant Director, Federal Programs Branch
COLBY M. MAY (D.C. Bar # 394340)
CRAIG L. PARSHALL[*]                            /s/ *Jason Lee*
MATTHEW R. CLARK (D.C. Bar # 1028379)           JASON LEE (CA Bar No. 298140)
BENJAMIN P. SISNEY (D.C. Bar # 1044721)         Trial Attorney
THE AMERICAN CENTER FOR LAW                     Federal Programs Branch
   AND JUSTICE                                  U.S. Department of Justice, Civil Division
201 Maryland Avenue, N.E.                       Telephone:  (202) 514-3367
Washington, D.C.  20002                         Fax:  (202) 616-8470
Telephone: (202) 546-8890                       Email:  Jason.Lee3@usdoj.gov
Facsimile: (202) 546-9309
Email: sekulow@aclj.org                         Mailing Address:
*Counsel for Plaintiff*                         Post Office Box 883
                                                Washington, DC 20044

                                                Courier Address:
                                                20 Massachusetts Ave., NW Rm. 7107
                                                Washington, DC 20001

                                                *Counsel for Defendant*

---

[*] Admitted *Pro Hac Vice*.

5