## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CENTER FOR LAW AND
JUSTICE,

              Plaintiff,

   v.

U.S. DEPARTMENT OF STATE,

              Defendant.

Civil Docket No. 1:16-cv-1975 (TNM)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 7(h), Plaintiff submits the following responses to Defendant's statement of material facts it contends are not in genuine dispute.

1.      Eric F. Stein is the Director of the Office of Information Programs and Services ("IPS") at State.  Ex. A, Third Decl. of Eric F. Stein ("Stein Decl.") ¶ 1.

**RESPONSE**:  Undisputed.

2.      Eric F. Stein is the official at State who is immediately responsible for responding to FOIA requests submitted to State.  *Id.* ¶ 3.

**RESPONSE**:  Undisputed.

3.      Eric F. Stein is familiar with all of State's policies and practices, both formal and informal, concerning responses to FOIA requests.  *Id.* ¶ 5.

**RESPONSE**:  Undisputed.

4.     IPS is responsible for responding to requests made under the FOIA.  *Id*. ¶ 2.

**RESPONSE**:  Undisputed.

5.     State's policy is to fully comply with the FOIA.  *Id*. ¶ 7.

**RESPONSE**: Disputed. With regard to *all* of the FOIA requests issued by Plaintiff, Defendant has failed to comply fully with FOIA. Pl. Statement of Additional Material Facts (hereinafter "PSAMF") at ¶¶ 53-57. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

6.     State's policy is also to continue improving its FOIA operations.  *Id*.

**RESPONSE**: Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

7.     State does not have a policy or practice, either formal or informal, of refusing to

respond to FOIA requests, or otherwise refusing to comply with the FOIA, until a requester files a lawsuit.  *Id*. ¶ 8.

**RESPONSE**: Disputed. With regard to every FOIA request issued by Plaintiff, State has failed or refused to respond in the manner required by FOIA unless and until Plaintiff files a lawsuit. Pl. SAMF at ¶¶ 53-57. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

8.     State does not have a policy or practice, either formal or informal, of intentionally delaying its responses to FOIA requests.  *Id*. ¶ 9.

**RESPONSE**: Disputed. With regard to twelve FOIA requests issued by Plaintiff, Defendant has delayed every single response. Pl. SAMF at ¶¶ 53-57. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such

evidence.

9.     State does not have a policy or practice, either formal or informal, of issuing determinations in response to FOIA requests beyond the 20-day timeframe prescribed by 5 U.S.C. § 552(a)(6)(C)(i).  *Id*.

**RESPONSE**: Disputed. By its own admission, State's regular practice is to issue determinations well beyond the 20-day timeframe. *See* Def. Exhibits B, at ¶¶ 25-27 (outlining average response times – all of which far exceed the 20-day timeframe); Def. Exhibit C, at 24-26 (same). State has also failed to issue a determination on any of Plaintiff's twelve FOIA requests within the 20-day timeframe or even 509 days thereafter unless and until Plaintiff files suit. PSAMF, at ¶¶ 53-57. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally or as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

10.     State does not have a policy or practice of delaying its issuance of records pursuant to FOIA requests.  *Id*.

**RESPONSE**:  Disputed. By its own admission, State's regular practice is to issue records well beyond the 20-day timeframe. *See* Def. Exhibits B, at 25-27 (outlining average response times – all of which far exceed the 20-day timeframe); Def. Exhibit C, at 24-26 (same). State has also failed to issue a determination, much less issue records in a timely manner on any of Plaintiff's

twelve FOIA requests within the 20-day timeframe or even 509 days thereafter unless and until Plaintiff files suit. PSAMF, at ¶¶ 53-57. In addition, State regularly denies expedited processing to Plaintiff on FOIA requests where other agencies have granted the request pursuant to substantially similar agency regulations. PSAMF, at ¶¶ 67. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally or as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

11.     State does not have a policy or practice, either formal or informal, of intentionally violating the FOIA for any reason.  *Id.* ¶ 10.

**RESPONSE**: Disputed. By its own admission, State is engaged in a regular practice of violating FOIA. *See* Def. Exhibits B, at 25-27 (outlining average response times – all of which far exceed the 20-day timeframe); Def. Exhibit C, at 24-26 (same). State has violated FOIA with regards to every FOIA request issued by Plaintiff.  Pl. SAMF ¶¶ 53-57. The facts also call into question State's practice in denying expedited processing. Pl. SAMF ¶ 67. The Office of Inspector General (OIG) reported that the Defendant's noncompliance with FOIA is due, in part, to the Department's "insufficient provision of personnel to IPS to handle its caseload." EVALUATION OF THE DEPARTMENT OF STATE'S FOIA PROCESSES FOR REQUESTS INVOLVING THE OFFICE OF THE SECRETARY ("2016 OIG Report"), attached hereto as Exhibit 1, at 2.[1] The OIG Report also found

---

[1] The specific page numbers cited to herein are to the ECF assigned page number (rather than the

that the State Department does not have "rules . . . requir[ing] staff to notify requesters when processing is delayed, even though it is mandated by law." Pl. Exhibit 1, at 14. Any additional evidence essential to dispute this fact is currently unavailable to Plaintiff as it is solely within the possession, custody and/or control of Defendant, and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

12.     In Fiscal Year ("FY") 2008, State received fewer than 6,000 new FOIA and Privacy Act requests.  *Id*. ¶ 16.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

13.     Each year since FY 2008, the number of new FOIA and Privacy Act requests submitted to State has increased.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

14.     In FY 2016, State received nearly 28,000 FOIA and Privacy Act requests.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

---

original page numbers of the report).

15.     In FY 2014, State had a FOIA backlog of 10,045 requests. *Id.*

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

16.     At the beginning of FY 2016, State had a FOIA backlog of 28,505 requests. *Id.*

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

17.     At the beginning of FY 2017, State had a FOIA backlog of 13,804 requests. *Id.* ¶ 27.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

18.     As of May 1, 2018, State has a FOIA backlog of just over 10,400 requests, including all incoming requests for FY 2018 to date. *Id.*

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

19.     In late September 2017, State temporarily committed more resources and workforce to address its FOIA backlog. *Id.* ¶ 18.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

20.     The demands of State's FOIA litigation have exacerbated State's FOIA backlog. *Id*. 16.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. This fact is also disputed. The OIG reported in 2016 that the State Department had failed to comply with many of OIG's recommendations from 2012 which, in turn, attributed to further delays by State in processing FOIA requests. Exhibit 1, at 2. For example, in 2012, the OIG noted the small number of staff devoted to processing Department-wide FOIA requests, and in 2016, despite these findings and a continuing increase in FOIA requests, the OIG found that "the Department has allocated fewer employees to handle them." *Id*. at 11. The OIG found that the State's delay in processing of FOIA requests was due, in part, to the Department's "insufficient provision of personnel to IPS to handle its caseload." *Id*. at 2. Any additional evidence essential to dispute this fact is currently unavailable to Plaintiff as it is solely within the possession, custody and/or control of Defendant. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff should be permitted to engage in discovery to obtain any such evidence.

21.     State is currently engaged in approximately 129 FOIA litigation cases. *Id*. ¶ 19.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

22.     Many of those 129 FOIA litigation cases involve court-ordered document

production schedules. *Id*.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

23.    The FOIA requests submitted to State that are the subject of litigation comprise approximately 1% of all active FOIA requests at State. *Id*.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

24.    The FOIA requests submitted to State that are the subject of litigation consume approximately 70-80% of IPS's FOIA review resources. *Id*.; Ex. D, U.S. Dep't of State, Chief FOIA Officer Annual Report, Mar. 2018, at 1-2.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

25.    State is currently the subject of court orders in 15 different litigations that, in total, require it to process at least 9,500 pages of potentially responsive records per month. Stein Decl. ¶ 20.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

26.    State is committed to making productions in 22 other FOIA cases, including this case. *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

27.     State anticipates that it will begin monthly productions soon in another 11 current FOIA cases.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

28.     State's FOIA caseload and backlog, and its limited resources in managing that caseload, contributed to the length of time that Plaintiff's FOIA requests remained  pending at State.  *Id*. ¶ 14.

**RESPONSE**: Plaintiff objects to this statement as it represents Defendant's own conclusory statement and/or legal conclusion, rather than a properly supported statement of fact. This fact is also disputed. All but two of Plaintiff's requests remain pending at State. The wait time on at least one of Plaintiff's FOIA requests has far exceeded the average time for responding to most requests. *See* Pl. SAMF ¶¶ 56, 58, 67-68; Def. Ex. B, at 25; Def. Ex. C, at 24. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery

to obtain any such evidence.

29.    State resolves thousands of pending FOIA requests each year without litigation being filed.  *Id.* ¶ 23; Ex. B, U.S. Dep't of State, FOIA Annual Report Fiscal Year 2017 at Part V.B.(1); Ex. C U.S. Dep't of State, FOIA Annual Report Fiscal Year 2016 at Part V.B.(1).

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

30.   In FY 2017, State processed[2] 21,736 FOIA requests, fully granting 2,745 of these requests and partially granting 5,302.  Stein Decl. ¶ 24.

**RESPONSE**:   Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

31.   The vast majority of the FOIA requests processed in FY 2017 were resolved outside of the litigation context.  *Id.*

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

32.   In FY 2016, State processed 15,386 FOIA requests, fully granting 874 of these requests and partially granting 2,155.  *Id.* ¶ 25.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to

---

[2] A request is considered "processed" when the agency has taken final action in all respects in regard to it.

issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

33.   The vast majority of the FOIA requests processed in FY 2016 were resolved outside of the litigation context.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

34.   In FY 2015, State processed 13,913 requests, fully granting 1,853 of these requests and partially granting 2,238.  *Id*. ¶ 26.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

35.   The vast majority of the FOIA requests processed in FY 2015 were resolved outside of the litigation context.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

36.   State has not intentionally attempted to understaff its FOIA review operations or underfund such operations.  *Id*. ¶ 12.

**RESPONSE**: Disputed. The OIG reported that FOIA backlog was due, in part, to the Department's "insufficient provision of personnel to IPS to handle its caseload." Pl. Exhibit 1, at 2. Plaintiff is currently unable to produce additional evidence essential to dispute this assertion – *i.e*. evidence concerning Defendant's actual policies and practices (formal or informal) generally and as applied to Plaintiff – because such evidence is solely within the possession, custody, and/or

control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

37.   State spent approximately $17.6 million in FY 2013 on personnel and costs associated with processing FOIA requests.  *Id.* ¶ 28.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

38.   State spent approximately $18.3 million in FY 2014 on personnel and costs associated with processing FOIA requests.  *Id.*

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

39.   State spent approximately $33.4 million in FY 2015 on personnel and costs associated with processing FOIA requests.  *Id.*

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

40.    State spent approximately $19.1 million in FY 2016 on personnel and costs associated with processing FOIA requests.  *Id.*

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant

to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to

issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

41.     State spent approximately $37.3 million in FY 2017 on personnel and costs

associated with processing FOIA requests.  *Id*.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant

to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to

issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit.

42.     State plans to provide additional financial resources to IPS to acquire new

technology to support and improve State's FOIA program and operations.  *Id*. ¶ 29.

**RESPONSE**:  Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant

to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing as

to Plaintiff. Plaintiff is currently unable to produce additional evidence essential to dispute this

assertion – *i.e.* evidence concerning Defendant's actual policies and practices (formal or informal)

– because such evidence is solely within the possession, custody, and/or control of Defendant and

Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this

assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying

Rule 56(d) Declaration, in light of Defendant's failure and to the extent these factual assertions are

material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such

evidence.

43.     IPS generally processes FOIA requests submitted to State following a "first in, first

out" approach.  Ex. E, U.S. Dep't of State, Chief FOIA Officer Annual Report, Mar. 2017, at 13.

**RESPONSE**:  Undisputed.

44.     In recent years, State has improved its FOIA processes and training practices.  Stein

Decl. ¶ 31; Ex. D, U.S. Dep't of State, Chief FOIA Officer Annual Report, Mar. 2018, at 4.

**RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact – *i.e.*, evidence concerning training attendance and other records, as well as the substance of the training being provided – is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, Plaintiff is entitled to engage in discovery to obtain any such evidence.

45.    From March 2017 to March 2018, approximately 90% of State's FOIA professionals attended substantive FOIA training.  Stein Decl. ¶ 31.

**RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact – *i.e.*, evidence concerning training attendance and other records, as well as the substance of the training being provided – is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

46.    Those substantive FOIA trainings were conducted by Eric F. Stein and the FOIA

Program Manager at State. *Id.*

 **RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact – *i.e.*, evidence concerning training attendance and other records, as well as the substance of the training being provided – is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

 47. FOIA staff at State also attended briefings held by the Department of Justice's Office of Information and Policy, as well as by the National Archives and Records Administration's Office of Government and Information Services. *Id.*

 **RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's

motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

48.     The topics of these trainings included a general overview of the FOIA, a review of the recent amendments to the FOIA, overviews of the FOIA exemptions, classification/ declassification issues, reminders about annual training requirements for classified and privacy information, records management mandates that may affect FOIA, a review of efforts to address existing FOIA processing issues, and more.  *Id*. ¶ 32.

**RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

49.     Hundreds of non-FOIA professionals at State have been through at least three different FOIA briefings.  *Id*. ¶ 33.

**RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of

fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

50.     State expects to deploy a new online training module later this calendar year that will be part of required records and FOIA training for all State employees. *Id*.

**RESPONSE:** Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Further, any evidence necessary to dispute this fact is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact. As addressed in Plaintiff's memorandum in opposition and the accompanying Rule 56(d) Declaration, in light of Defendant's failure, and to the extent this fact is material to Defendant's motion, Plaintiff is entitled to engage in discovery to obtain any such evidence.

51.     After receiving a FOIA request, State sends the requester an acknowledgment letter that is intended to comply with State's FOIA obligations. *Id*. ¶ 13.

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. Undisputed that State has responded to Plaintiff's FOIA requests with a letter merely acknowledging receipt of Plaintiff's request. Disputed that this letter satisfies State's FOIA obligations. As the OIG found in 2016, State does not have "rules . . . requir[ing] staff to notify requesters when processing is delayed, even though it is mandated by law." Pl. Exhibit 1, at 14.

52.     The acknowledgement letter is also intended to provide information to requesters that will be of assistance and value during the FOIA review process.  *Id.*

**RESPONSE**: Plaintiff objects to this fact pursuant to Fed. R. Evid. 401 as it is irrelevant to whether Defendant maintains an unlawful pattern and/or practice of delaying and/or failing to issue a determination and produce documents to Plaintiff unless and until Plaintiff files suit. This fact is also disputed. As the OIG found in 2016, State does not have "rules . . . requir[ing] staff to notify requesters when processing is delayed, even though it is mandated by law." Pl. Exhibit 1, at 14. Plaintiff also objects to this statement as it represents Defendant's own conclusory statement and/or legal conclusion, rather than a properly supported statement of fact. Any additional evidence essential to dispute this fact – *i.e.* Department polices, memorandums, directives, etc., governing FOIA practices and issuance of such letters – is currently unavailable to Plaintiff because it is maintained solely within the possession, custody, and/or control of Defendant and Defendant failed to produce any evidence, other than a self-serving affidavit, in support of this assertion of fact.

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT

53.     Plaintiff has issued more than twelve (12) FOIA requests to Defendant within the last two years. Southerland Decl., ⁋ 2.

54.     With regard to every request issued to State – regardless of the time given to Defendant to respond – Defendant failed to notify Plaintiff of its determination or produce responsive documents, within 20 days or anytime thereafter until Plaintiff filed suit. Amended Complaint (Doc. 25) and Answer (Doc. 50), at ⁋⁋ 25-44. *See also* Complaint, *American Center for*

*Law and Justice v. Dep't of State*, Case No. 1:17-cv-1991 (D.D.C. September 27, 2017), ECF 1; Southerland Decl. ⁋⁋ 2, 3, 6, 9-11.

55.     With regard to all twelve FOIA requests issued by Plaintiff, Defendant did not inform Plaintiff of any unusual circumstances requiring an extension of the 20-day time period or anytime thereafter leading up to the filing of the lawsuit. Amend. Compl. and Answer, at ⁋⁋ 23, 38, 44, 69. *See also* Southerland Decl., ⁋⁋ 2, 14.

56.     Regardless of whether Defendant has been given 1 month, or 1.4 years – *i.e.* up to 509 days (as opposed to just 20 days) – to issue a determination, Defendant has failed to do so unless and until Plaintiff files suit. Amend. Compl. and Answer, at ⁋⁋ 25-44. *See also* Southerland Decl., ⁋⁋ 2, 3, 6, 9-12.

57.     With respect to Plaintiff's oldest FOIA request to Defendant – pending for more than 509 days – Defendant has refused, on two separate occasions, to provide Plaintiff with even an estimated date on which Plaintiff can expect to receive a determination and/or the release of documents. Southerland Decl., ⁋⁋ 12-13.

58.     In 2015, the average FOIA response times for the State Department were as follows: 113 days for simple requests, 511 days for complex requests and 102 days for expedited requests.  Pl. Ex. 2, at 26.

59.     In January 2016, the Office of Inspector General (OIG) issued a report entitled EVALUATION OF THE DEPARTMENT OF STATE'S FOIA PROCESSES FOR REQUESTS INVOLVING THE OFFICE OF THE SECRETARY ("OIG Report"), in which OIG referenced a prior OIG Report  from 2012 identifying numerous deficiencies within the State Department in responding to FOIA requests in a timely and lawful manner, including understaffing of employees assigned to  processing FOIA requests, inconsistent monitoring and oversight by management,

insufficient   training of FOIA staff/employees, and inaccurate and incomplete searches. *See* Pl. Exhibit 1, at 2, 11.

60.    The OIG Report also found that the State Department lacked a "sound process to develop its information systems," and despite other agencies' recommendations to have written policies and procedures for searching for FOIA requests and has failed to develop any  such policies, procedures or criteria for conducting proper FOIA searches. Pl. Exhibit 1, at 14.

61.    The OIG Report also found that the State Department does not have "rules . . . requir[ing] staff to notify requesters when processing is delayed, even though it is mandated by law." Pl. Exhibit 1, at 14.

62.    The OIG Report also found that the State Department has made little progress since 2012 to resolve the personnel shortage and, although the Office of Information Programs and Services (IPS) has attempted to address the personnel issue in each of the past 3  years by requesting additional personnel, the Department has ignored these requests and "has not provided any additional permanent personnel." Pl. Exhibit 1, at 12, 20, 22.

63.    In fact, the OIG found that  the State Department – despite being aware of its understaffing as early as 2012 and annual increases in FOIA requests each year – had "allocated fewer employees to handle them." Pl. Exhibit 1, at 2, 11.

64.    At the beginning of 2016, the OIG reported that the State Department's delays in responding to FOIA requests are due, in part, to the Department's insufficient provision of personnel to IPS to handle its caseload." Pl. Exhibit 1, at 2.

65.    In 2016, the average FOIA response times for the State Department were as follows: 342 days for simple requests, 517 days for complex requests and 139 for expedited requests. *See* Def. Exhibit C (Doc. 56-4), at 24.

66.     In 2017, the average FOIA response times for the State Department were as follows: 391 days for simple requests, 652 days for complex requests and 416 days for expedited requests. *See* Def. Exhibit B (Doc. 56-3) at 25.

67.     On at least two separate occasions, State has denied Plaintiff expedited processing on a FOIA request while several other agencies granted expedited processing as to the same request pursuant to substantially similar agency regulations. Southerland Decl. ¶ 4-5, 7-8.

68.     The OIG Report indicated that State would need to include 52 additional positions (and that until such time as all 52 positions were filled, OIG would not consider the recommendation resolved). *See* Pl. Ex. 1, at 20.

Dated: May 29, 2018

                                        JAY ALAN SEKULOW
                                                (D.C. Bar No. 496335)
                                        STUART J. ROTH (D.C. Bar No. 475937)
                                        COLBY M. MAY (D.C. Bar No. 394340)
                                        CRAIG L. PARSHALL*
                                        /s/ *Abigail Southerland*
                                        ABIGAIL SOUTHERLAND
                                                (TN Bar No. 26608)
                                        CARLY F. GAMMILL
                                                (D.C. Bar No. 982663)
                                        BENJAMIN P. SISNEY
                                                (D.C. Bar No. 1044721)
                                        201 Maryland Avenue, N.E.
                                        Washington, DC 20002
                                        Telephone: (202) 546-8890
                                        Facsimile: (202) 546-9309
                                        Email: sekulow@aclj.org

                                        *Counsel for Plaintiff*